**TIGI of Mesefa, Appellant**

v.

**GOVERNMENT OF AMERICAN SAMOA, Appellee**

No. 24-1963

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

July 5, 1963

ARTHUR A. MORROW, *Chief Justice;* MALEPEAI, *Associate Judge;* and LETULIGASENOA, *Associate Judge.*

Logo, Assistant Public Defender, counsel for the Appellant.

Usualii, counsel for the Appellee.

MORROW, *Chief Justice.*

The appellant was convicted in the District Court for the First District of speeding, a violation of Sec. 25.0503 of the Code of 1961, and sentenced to 30 days in jail at ordinary labor. In addition, his driver's license was suspended for 10 days. He has appealed from the judgment of conviction. Hereinafter the Appellant will be referred to as the defendant.

■■ Section 3.0503, Code of 1961, provides that "The Appellate Division of the High Court on Appeal . . . shall have the power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of

judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous, but in the case of appeals from the district courts the Appellate Division of the High Court may review the facts as well as the law. In a criminal case the Appellate Division of the High Court may set aside the judgment of conviction and, if the defendant has appealed or requested a new trial, order a new trial, or may commute, reduce, (but not increase) or suspend the execution of the sentence."

The ground of appeal is "That such conviction was unreasonable and could not be supported having regard to the evidence and in particular (a) that there was not sufficient corroboration of the evidence of Police Officer Fuimaono S. the witness."

The police officer's testimony was that he followed the defendant in a police car from the market area in Fagatogo to the intersection of the main highway around Pago Pago Bay and the road to Fagasa; that the speedometer on the witness' car showed that he was travelling 35 miles an hour; that the defendant passed three cars while the witness was travelling at 35 miles an hour trying to overtake the defendant; that there were people walking on the highway; that the defendant was travelling 35 miles an hour between the points above mentioned. The police officer also testified that the time during which he followed the defendant was "maybe about five minutes." The defendant admitted in his testimony that he told the policeman he was travelling 25 miles per hour.

■ Section 25.0503 of the Code specifying the speed limits reads as follows:

"MAXIMUM SPEED: No person shall operate a motor vehicle upon any highway in American Samoa at a greater rate of speed than is provided in the following schedule:

"1. Twenty five miles per hour between Blunt's Point and Breaker's Point, except as otherwise provided.

"2. Twenty miles per hour on all winding roads and within the limits of any village.

"3. Ten miles per hour when approaching, or driving around a sharp curve.

"4. Thirty miles per hour on straightway open roads.

"The speed limitations hereinabove set forth shall not apply to authorized emergency vehicles when responding to emergency calls."

As a matter of fact much of the distance, if not all of it, between the market area and the intersection of the Fagasa road in Pago Pago, is through village area. There are a substantial number of houses as well as some stores along the highway between the two points; not only that but there are some curves, so as to make the road winding in places. It would follow, therefore, according to the defendant's own admission that he was speeding by going through parts of a village at more than 20 miles per hour; also, that he was speeding when he drove more than 20 miles an hour on a winding road. It is a fact that part of the road between the market place and the intersection with the Fagasa road is not only curved in some places but very much curved beyond the Olotoa store in Pago Pago.

■ Defense counsel asks us not to consider the testimony of the police officer to the effect that the defendant was driving at 35 miles per hour because he also testified that the time that elapsed during which he followed the defendant was "maybe five minutes". "Maybe five minutes" is not a statement that it was five minutes. Also, the policeman did not have a watch. It did not purport to be an accurate statement since the "five minutes" was preceded by the word "maybe". However, the statement that the defendant was travelling 35 miles per hour did purport to be an accurate statement since the policeman's speedom-

eter showed a speed of 35 miles when he was following the defendant.

■ There is abundant evidence in the record to warrant a conviction in this case, the defendant's own testimony warrants a conviction, for in reply to a question the defendant, while on the witness stand, answered "He (meaning the policeman) ask me what was I doing and I ask him why and he ask me how fast I was going and I said to him I was going 25 miles." He thereby admitted that he was travelling 25 miles per hour on a winding road and a road much of which is within the limits of a village where the speed limit is 20 miles.

The defendant's own admission to the policeman that he was travelling 25 miles per hour corroborates the charge of the policeman that the defendant was speeding. We think that the appeal is without merit, there being substantial evidence in the record to support the finding of guilty by the Court.

However, we think that the sentence should be and it is hereby modified by suspending the last 15 days of the jail sentence during good behavior. This will result in one day's imprisonment for each mile in excess of the speed limit, which we think is sufficient.

In view of the modification of the judgment of conviction, no costs will be assessed to the defendant.

The judgment of conviction is hereby affirmed as modified.